**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NOBILIS HEALTH CORP., *et al.*,[1]<br><br>    Debtors. | Chapter 7<br><br>Case No. 19-12264 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, solely in his capacity as the Chapter 7 Trustee for the jointly administered bankruptcy estates of Nobilis Health Corp., *et al.*,<br><br>    Plaintiff,<br><br>v.<br><br>HARRY J. FLEMING, *et al.*,<br><br>    Defendants. | Adv. Proc. No. 21-51183 (CTG)<br><br>**Related Docket Nos. 106, 113, 117, 121** |

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Upon consideration of the Motions for Summary Judgment (the "<u>Motions</u>") filed by Defendants Harry J. Fleming (D.I. 106), Marcos Rodriguez and Kenneth Efird (D.I. 113), Steve Ozonian (D.I. 117), and P. David Young and Brandon Moreno (D.I. 121),[2] the Court finds and concludes that:

Pursuant to a scheduling order entered by the Court on August 31, 2022, all fact discovery in the above-captioned adversary proceeding was set to close by April

---

[1] Debtors are: Northstar Healthcare Holdings, Inc., Case No. 19-12262; Northstar Healthcare Acquisitions, L.L.C., Case No. 19-12263; and Nobilis Heath Corp., Case No. 19-12264.

[2] This Court entered an order at D.I. 129 approving the dismissal of claims filed against Defendants James Springfield, Donald Kramer, Tom Foster, Peter Horan, and Samuel Palermo.  Accordingly, the Motions filed by those defendants are mooted.

28, 2023. That same order provides that the trustee's disclosure of expert testimony must be submitted on or before June 2, 2023, with expert depositions set to occur on or before September 8, 2023. Defendants filed their Motions between January 13, 2023, and January 23, 2023, three months before the close of fact discovery.

On a summary judgment motion, where the movant does not bear the ultimate burden of persuasion at trial (such as when, as here, a defendant moves for summary judgment on an issue on which the plaintiff bears the burden), the movant may make a prima facie showing that it is entitled to summary judgment in one of three ways: *First*, by producing evidence that negates the nonmovant's claim; *second*, by showing an absence of evidence supporting an essential element of the nonmovant's claim; or *third*, by some combination of the two.[3]

Certain Defendants maintain that the trustee has not produced any evidence that Defendants, as officers and directors of debtor Nobilis, breached their fiduciary obligations to the debtor. Others argue that whatever evidence the trustee has presented is insufficient to prove a *Caremark* claim or show that Defendants breached their duties of care. The trustee makes two arguments in response. *First*, the trustee contends that there are genuine issues of material facts concerning whether Defendants' breached their fiduciary obligations and to whom those obligations were

---

[3] 11 *Moore's Federal Practice – Civil* § 56.40 (2023); *see also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

owed.[4]  *Second*, the trustee asks this Court to, under Fed. R. Civ. P. 56(d), refrain from resolving the Motions at this time.

While, as a procedural matter, a motion for summary judgment may be filed any time until 30 days after the close of discovery,[5] this is qualified by the understanding that summary judgment must be denied "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."[6]  A party asking the Court to defer resolving a summary judgment motion under 56(d) must show, by affidavit or declaration, the specific reasons why it cannot yet present facts essential to justify its opposition to the motion.  Because 56(d) operates as a "check" against 56(b)'s broad window for bringing summary judgment motions, courts regularly grant motions under 56(d).[7]  Further, courts in this Circuit are more inclined to find that a summary judgment is premature under 56(d) if little to no discovery has been conducted.[8]

---

[4] Defendants maintain that they could not owe any duties to debtors Northstar Healthcare Holdings, Inc. or Northstar Healthcare Acquisitions, L.L.C. because Defendants were only officers and directors of debtor Nobilis Health Corp.

[5] Fed. R. Civ. P. 56(b).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).; *See also, In re Avandia Mktg., Sales & Prods. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019).

[7] *St. Surin v. Virgin Island Daily News*, 21 F.3d 1309, 1314 (3d Cir. 1994) ("District courts usually grant properly filed Rule 56[d] motions as a matter of course.") (citations and internal quotation omitted).

[8] *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) ("If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law."); *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845 (3d Cir. 1992) (holding that where key parties had yet to be deposed, "the incomplete state of discovery alone should have precluded summary judgment on the merits."); *In re Stone & Webster, Inc.*, No. 00-2142 (PJW), 2009 Bankr. LEXIS 257 at *5 (Bankr. D. Del. Feb. 18, 2009) ("[G]enerally, courts are careful not to prematurely consider motions for summary judgment, especially when little or no discovery has been conducted.").

Here, the trustee represents that: (1) no depositions have occurred in this case to date, although the trustee intends to depose each of the Defendants; (2) the trustee has not had the opportunity to present expert testimony on Defendants' alleged accounting and financial failures; and, (3) while the trustee's investigatory burden has been lessened by the production of all documents from a separate (but related) state-court action, the trustee has not yet completed his review of those documents.

In light of well-settled case law cautioning courts not to deprive litigants of a reasonable opportunity to take discovery by granting summary judgment in the midst of ongoing discovery efforts, and given the fact that the parties agreed to a scheduling order that, at the very least, gives the trustee until April 28 to finish fact discovery, it is hereby ORDERED that Defendants' Motions are denied without prejudice. Defendants may re-file motions for summary judgment upon the completion of discovery.

Dated: April 17, 2023

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE