# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NOBILIS HEALTH CORP., *et al.*,[1] | Case No. 19-12264-CTG |
| *Debtors*. | Jointly Administered |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Nobilis Health Corp., *et al.*, | Adv. Pro. No. 21-51183-CTG |
| *Plaintiff*, v. | |
| HARRY J. FLEMING, *et al.*, | |
| *Defendants*. | |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING PLAINTIFF ALFRED T. GIULIANO TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL

Plaintiff, Alfred T. Giuliano, in his capacity as Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the jointly administered bankruptcy estates of Northstar Healthcare Holdings, Inc., Northstar Healthcare Acquisitions, L.L.C. and Nobilis Health Corp. (the "Estates" or "Debtors") respectfully represents as follows in support of this motion (the "Motion"):

### Background

1. On October 21, 2019 (the "Petition Date"), Debtors Nobilis Health Corp., Northstar Healthcare Holdings, Inc., and Northstar Healthcare Acquisitions, L.L.C. each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code, and the cases are being jointly administered.

---

[1] Debtors are: Northstar Healthcare Holdings, Inc., Case No. 19-12262; Northstar Healthcare Acquisitions, L.L.C., Case No. 19-12263; and Nobilis Health Corp., Case No. 19-12264.

2. On or about the Petition Date, Plaintiff was appointed Chapter 7 Trustee for the bankruptcy estates of the Debtors, and he continues to serve in that capacity. On October 18, 2021, Plaintiff brought this adversary proceeding on behalf of the Debtors.

3. On October 17, 2022, this Court approved the parties' *Confidentiality Agreement and Stipulated Protective Order* [D.I. 99-1] (the "Protective Order"). The Protective Order protects confidential materials, including third-party information.

4. Plaintiff is filing an *Omnibus Memorandum in Opposition to Defendants' Motions For Summary Judgment*. In connection with his filing, Plaintiff seeks to file under seal certain documents (the "Confidential Documents") identified in **Appendix A**, which are incorporated in the *Declaration of Steven M. Coren in Support of Opposition to Defendants' Motions for Summary Judgment*. The Confidential Documents include commercially sensitive material, including confidential and proprietary business information, financial information, and other sensitive material. As such, Plaintiff seeks authorization to file the Confidential Documents under seal.

## Jurisdiction and Venue

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6. Pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for District of Delaware (the "Local Rules"), Plaintiff requests (i) authority to redact Plaintiff's *Omnibus Memorandum in Opposition to Defendants' Motions for Summary Judgment*, (ii)

authority to file under seal the Confidential Documents identified in **Appendix A**, (iii) direction that the Confidential Documents remain under seal and not be made available to anyone without the prior written consent of Plaintiff, and (iv) such other relief as is just and proper.[2]

7.     Plaintiff will serve copies of the Confidential Documents in accordance with the parties' Protective Order to all counsel of record.

8.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

### Relief Requested Should Be Granted

9.     Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize Plaintiff to file the Confidential Documents under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b)(1). Specifically, Section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1)   protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.*

10.     Bankruptcy Rule 9018 and Local Rule 9018-1 set forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, that

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Omnibus Memorandum in Opposition to Defendants' Motions For Summary Judgment*, filed simultaneously with this Motion.

"[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018; *see also* Local Rule 9018-1(d)(i) ("[A]ny entity seeking to file a document . . . under seal must file a motion requesting such relief.").

11. In addition, section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), this right is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute.").

13. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) of the Bankruptcy Code must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Moreover, unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such

protection to demonstrate "good cause." *See*, *e.g.*, *id.* at 25, 28 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Nor does it require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

14. Plaintiff submits that the Confidential Documents fall within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Courts have recognized that the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. In granting motions to seal "commercial information," this Court has included in the definition "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *see also In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

15. The Confidential Documents would not be typically disclosed because they contain commercially sensitive information about internal commercial operations, proprietary business information, billing and payment information, and other sensitive details regarding third parties' business information, the disclosure of which would be detrimental to the Parties, as well as to third parties. Plaintiff asks the Court to seal the Confidential Documents containing such sensitive and commercial information because their disclosure would unfairly benefit competitors or, if disclosed, would reveal sensitive commercial information capable of injuring the Parties and third parties. Accordingly, Plaintiff submits that cause exists for the Court to grant the Motion.

**Compliance with Local Rule 9018-1(d)(iv)**

16. With the exception of the *Omnibus Memorandum in Opposition to Defendants' Motions for Summary Judgment*, counsel for Plaintiff believes that the Confidential Documents should be under seal, such that no proposed redacted document can be filed with this Motion.

**Notice**

17. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002. Plaintiff respectfully submits that such notice is sufficient under the circumstances.

Plaintiff Alfred T. Giuliano respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief, at law or in equity, as the Court may deem just and appropriate.

Dated: November 6, 2023
Wilmington, Delaware

**COZEN O'CONNOR**

/s/ John T. Carroll, III
John T. Carroll, III (DE No. 4060)
1201 North Market Street
Suite 1001
Wilmington, Delaware 19801
Telephone: (302) 295-2028
Email: jcarroll@cozen.com

—and—

**COREN & RESS, P.C.**
Steven M. Coren, Esq. (*pro hac vice*)
Benjamin M. Mather, Esq. (*pro hac vice*)
Janice D. Felix (*pro hac vice*)
Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 19103
Tel: (215) 735-8700

scoren@kcr-law.com
bmather@kcr-law.com
jfelix@kcr-law.com

*Counsel for Plaintiff*
*Alfred T. Giuliano, Ch. 7 Trustee*