## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NOBILIS HEALTH CORP., *et al.*,[1] | Case No. 19-12264-CTG |
| *Debtors*. | Jointly Administered |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Nobilis Health Corp., *et al.*, | Adv. Pro. No. 21-51183-CTG |
| *Plaintiff*, | **Re: Docket No.** 219, 245 |
| v. | |
| HARRY J. FLEMING, *et al.*, | |
| *Defendants*. | |

### ORDER AUTHORIZING PLAINTIFF ALFRED T. GIULIANO
### TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL

Upon the motion, dated November 6, 2023 (the "Motion")[2] of Plaintiff Alfred T. Giuliano for entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9018-1, (i) authorizing Plaintiff to file under seal the Confidential Documents, as defined in the Motion, and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice

---

[1] Debtors are: Northstar Healthcare Holdings, Inc., Case No. 19-12262; Northstar Healthcare Acquisitions, L.L.C., Case No. 19-12263; and Nobilis Health Corp., Case No. 19-122564.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms as in the Motion.

of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the parties; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. Plaintiff is authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9018-1, to file the Confidential Documents under seal. The Confidential Documents shall remain under seal and shall not be made available to anyone except that the Confidential Documents shall be provided, on a strictly confidential, "professional eyes only" basis, to all counsel of record.

2. Any party who receives the Confidential Documents in accordance with this Order shall not disclose or otherwise disseminate such Confidential Documents to any other person or entity.

3. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

4. Plaintiff is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

5. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: December 11th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**