# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NOBILIS HEALTH CORP., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12264 (CTG)<br><br>Jointly Administered |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Nobilis Health Corp., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>HARRY J. FLEMING, *et al.*,<br><br>Defendants. | Adv. Proc. No. 21-51183 (CTG)<br><br>**Related Docket No. 258, 274** |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee for the jointly administered bankruptcy estates of Nobilis Health Corp., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>HARRY J. FLEMING, *et al.*,<br><br>Defendants. | Adv. Proc. No. 23-50486 (CTG)<br><br>**Related Docket No. 44** |

**ORDER MAKING RULE 54(b) FINDING
AND ADDRESSING BILL OF COSTS**

In the course of considering the parties dispute over the bill of costs in this matter, it occurred to the Court that it had made a technical error in its disposition of this dispute. For the reasons set forth in the Court's memorandum opinion, the claims against certain defendants may properly be treated as core matters as to which

this Court has authority to enter final judgment. *Giuliano v. Fleming,* No. 21-51183, D.I. 257 at 10-11. The claims against other defendants, however, are non-core, such that this Court has the authority to recommend the entry of summary judgment, but not to enter it. *Id.* at 11. Having concluded that the defendants were entitled to summary judgment, the Court entered what it described as a "final judgment" in favor of those defendants for whom the Court has the authority to do so and recommended that the district court enter summary judgment with respect to the others. *Id.* at 51; D.I. 258.

The Court's intention was to permit the district court to consider the appeal from the entry of summary judgment at the same time it reviewed the Court's recommendation under Bankruptcy Rule 9033. The Court's error was its failure to focus on the fact that its order entering summary judgment as to some but not all of the defendants is not, standing alone, a final and appealable order. *See Berckeley Inv. Grp. v. Colkitt,* 259 F.3d 135, 143-144 (3d Cir. 2001). For such an order to become final and appealable, the Court is required to make an express finding, under Civil Rule 54(b), "that there is no just reason for delay." That is certainly the case here, and the Court hereby expressly so finds.[1]

While the Court does not purport to rule on the scope of the district court's subject-matter jurisdiction, which is a matter for the district court rather than this

---

[1] The Court appreciates that the appellate divestiture rule operates to deprive the trial court of jurisdiction over a matter once a notice of appeal has been filed. *See generally Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The Court's concern, however, was that without the finding set forth herein, the Court's order may not have been an appealable order, which would render the filing of the notice of appeal ineffective. To the extent the district court were to consider the prior order to be final and appealable, the finding herein that "there is no just reason for delay" would be unnecessary.

Court to decide, this Court's intention is that this finding should permit the existing appeals to proceed in the ordinary course before the district court. The district court has already issued an agreed order that consolidates the appeals from this Court's entry of summary judgment with the review, under Bankruptcy Rule 9033, from this Court's recommendation. *Giuliano v. Fleming*, No. 1:24-cv-00738 (D. Del. Aug. 14, 2024), D.I. 15. To the extent the appeals from the "final judgment" were premature in the absence of the express findings made herein, any jurisdictional defect should now be cured, as Bankruptcy Rule 8002(a)(2) provides.

That brings this Court to the bill of costs, which is premature as to those defendants against whom no final judgment has been entered, but technically ripe as to those against whom the Court has now entered judgment. But for the same reasons it makes sense to have the district court consider the appeals from final judgment at the same time it reviews the recommendation in favor of summary judgment, the Court believes it would be most appropriate to take up a request for the entry of costs after final judgment has been entered that fully adjudicates the dispute between the parties. The Court will accordingly defer consideration of the bill of costs until the district court's disposition of this matter.

Dated: September 5, 2024

_____
CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE